People v Peguro (2018 NY Slip Op 00385)





People v Peguro


2018 NY Slip Op 00385


Decided on January 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


5499 1392/13

[*1]The People of the State of New York, Respondent,
v
Henry Peguro, Defendant-Appellant.


Goldstein & Weinstein, Bronx (Barry A. Weinstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered December 8, 2015, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The evidence supports the inference that when defendant stabbed the victim in the chest he did so with intent to cause serious physical injury.
Defendant has not preserved any of his challenges to the court's charge, and we decline to review them in the interest of justice. As an alternative holding, we find that each of the instructions at issue, when viewed as a whole, conveyed the proper standards (see generally People v Umali, 10 NY3d 417, 427 [2008]). The court correctly instructed the jury on prior inconsistent statements, reasonable doubt and the presumption of innocence, and there was nothing in the charge that was constitutionally deficient.
Defendant's challenges to the prosecutor's summation are likewise unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
To the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's failure to object to portions of the People's summation and the court's charge fell below an objective standard of reasonableness, or that defendant was prejudiced by the lack of these objections (compare People v Cass, 18 NY3d 553, 564 [2012], with People v Fisher, 18 NY3d 964 [2012]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2018
CLERK